UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM FREDERICK KEMP, JR.,

        Petitioner,                      Case No. 1:15-cv-406

v.                                      Honorable Paul L. Maloney

BRANCH COUNTY SHERIFF C. JOHN
POLLACK,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241. Petitioner filed his petition on April 16, 2015, when he was a pretrial detainee in the Branch County Jail. On June 2, 2015, Petitioner was released from custody and was scheduled for trial on August 18, 2015. Accordingly, when Respondent filed his answer on June 30, 2015, he argued this matter must be dismissed as moot because Petitioner was not in custody. (ECF No. 14.)

A case becomes moot "when the issues presented are no longer 'live' *or* the parties lack a legally cognizable interest in the outcome." *Gottfried v. Medical Planning Services, Inc.*, 280 F.3d 684, 691 (6th Cir. 2002) (emphasis in original) (citing *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1978). It is undisputed Petitioner is no longer in the custody of Respondent. As such, on March 8, 2017, the undersigned judicial officer ordered Petitioner to show cause, within fourteen days of the order, "why his claims based on his pretrial detention should not be dismissed as moot." (Order to Show Cause, ECF No. 16, PageID.92.) The deadline has passed, and Petitioner has filed no response to the show-cause order.

Accordingly, the undersigned recommends that Petitioner's petition for a Writ of Habeas Corpus be dismissed as moot pursuant to 28 U.S.C. § 2241(c).

Respectfully submitted,

Dated: April 6, 2017        /s/ Phillip J. Green
                             Phillip J. Green
                             United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).